## CASE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 13, 1926.)

No. 7240.

1. **Criminal law �köö100(2)—Trial by one of two judges for district, contrary to order of senior Circuit Judge, confirmed by Congress, dividing district between judges held not mere irregularity, but wholly without lawful authority (Judicial Code, § 23, and Act Feb. 16, 1925 [Comp. St. §§ 990, 1088–1088e]).**

Senior Circuit Judge, having under Judicial Code, § 23 (Comp. St. § 990), by reason of inability of the two judges for district to agree on division of business, made order, confirmed by Act Feb. 16, 1925 (Comp. St. §§ 1088–1088e), dividing district into two divisions, and assigning exclusively to one of the judges the business from one division, and to the other judge that from the other division, trial by one of such judges in his division of one indicted for offense committed in the other division was not a mere irregularity, but wholly without lawful authority and void.

2. **Habeas corpus ⊙ⁿ29.**

Petitioner for habeas corpus having, in contravention of order of senior Circuit Judge, under Judicial Code, § 23 (Comp. St. § 990), confirmed by Act Feb. 16, 1925, § 5 (Comp. St. § 1088d), been tried by one District Judge in his division for offense committed in the other division, proceedings were void, and petitioner deprived of liberty without authority of law.

In Error to the District Court of the United States for the District of Kansas; Albert L. Reeves, Judge.

Application by Charles Case for writ of habeas corpus directed to the United States. Petition denied, and petitioner brings error. Reversed, and petitioner discharged.

Franklin H. Griggs, of Tulsa, Okl., for plaintiff in error.

Al. F. Williams, U. S. Atty., and Alton H. Skinner, Frank H. McFarland, and John N. Free, Asst. U. S. Attys., all of Topeka, Kan.

Before SANBORN, Circuit Judge, and WOODROUGH and SCOTT, District Judges.

WOODROUGH, District Judge. On the 13th day of March, 1925, plaintiff in error was found guilty of conspiring to transport and possess intoxicating liquor. The verdict was returned by the jury at a term of the United States District Court held at Tulsa, Okl., the Honorable Franklin E. Kennamer, United States District Judge, presiding. The sentence as imposed by Judge Kennamer, and as subsequently modified, was two years' imprisonment at Leavenworth, Kan. Petition for writ of habeas corpus was presented to a Circuit Judge, who directed that return be made and a hearing had before a District Judge sitting in Kansas. After hearing, the petition for the writ of habeas corpus was denied but writ of error was allowed, which is now before us.

The offense charged in the indictment was alleged to have been committed on the 17th day of November, 1924, in the county of Muskogee in Oklahoma, but the trial and conviction were had on the 13th day of March, 1925, in the county of Tulsa, in the state of Oklahoma, and it is claimed that the proceedings were void for want of power and authority

of Judge Kennamer to sit, and that they were in contravention of the Sixth Amendment to the Constitution of the United States, in that, the trial was not had "by a jury of the district wherein the crime was committed previously ascertained by law." Plaintiff in error contends that he could not have been tried elsewhere on March 13, 1925, on the charge preferred against him, than at Muskogee, in the county of Muskogee, Okl.

By amendment to section 1 of the Judicial Code (Comp. St. § 968o), provision was made for two District Judges for the Eastern district of Oklahoma in the place of one, and Hon. Franklin E. Kennamer was duly appointed and qualified as the junior judge, Hon. R. L. Williams being the senior judge of the district. The two Judges did not agree upon the division of the work in the district, and such condition resulted that on the 23d day of July, 1924, it became necessary for the senior United States Circuit Judge for the Eighth judicial circuit to take cognizance of the condition according to the law in such cases made and provided. Accordingly, on the date referred to, the senior Circuit Judge did make his findings and order providing for the conduct of the judicial business in the territory included in the district, which order must be set out in full as follows:

"In the United States Court for the Eastern District of Oklahoma.

"In the Matter of the Division of Business and Assignment of Cases for Trial in this District.

"Whereas, Hon. R. L. Williams and Hon. F. E. Kennamer, the United States District Judges for the district, do not agree upon the division of business and the assignment of cases for trial in this district, and have submitted to the undersigned, as the senior United States Circuit Judge of the Eighth judicial circuit, the question of such division.

"It is hereby ordered, pursuant to the provisions of section 23 of the Judicial Code (U. S. Compiled Statutes, Compact Edition, § 990), that, for the purpose of dividing the judicial business, powers and duties of the judges of this district, the district is divided into two divisions, called the First division and the Second division;

"The First division includes the counties of Nowata, Craig, Ottawa, Mayes, and Delaware, the judicial business from which is tributary to this court at Vinita; the counties of Wagoner, Cherokee, Adair, Okmulgee, Muskogee, Sequoyah, McIntosh, and Haskell, the judicial business from which is tributary to this court at Muskogee; the counties of Hughes, Pittsburgh, Latimer, Le Flore, and Atoka, the judicial business from which is tributary to this court at McAlester; and the counties of Choctaw, Pushmataha, and McCurtain, the judicial business from which is tributary to this court at Hugo.

"The Second division includes the counties of Washington, Rogers, Creek, and Tulsa, the judicial business from which is tributary to this court at Tulsa; the counties of Okfuskee, Seminole, Pontotoc, Coal, and Johnson, the judicial business from which is tributary to this court at Ada; the counties of Garvin, Murray, Carter, Love, Marshall, and Bryan, the judicial business from which is tributary to this court at Ardmore; and the counties of McLain, Grady, Stephens, and Jefferson, the judicial business from which is tributary to this court at Chickasha.

"It is further ordered that all the judicial business of this court and of the judges thereof as such, now pending, except as to questions or issues which have been submitted to one of the judges for decision, and all the judicial business that shall arise in or come from the territory in the first division on and after the date of this order be, and it is hereby exclusively, assigned to Hon. R. L. Williams. And, because the offices and records of the United States marshal and the United States district attorney are at Muskogee, and it has been the practice to hold the sessions of the grand jury for the entire district at Muskogee, the judicial business for the entire district of convening and presiding over the grand jury and of directing its course, of receiving informations, indictments, and pleas of guilty, and pronouncing sentences on pleas of guilty, and of arraigning defendants, taking their pleas and allowing bail before hearing of trial, is assigned to Hon. R. L. Williams. But the argument of law questions and the trial of criminal cases on motions, demurrers, and pleas shall be had in the division in which the offense is charged to have been committed, and before the judge to whom the judicial work of that division is generally assigned.

"It is further ordered that, except as to the portion of the judicial business in the second division relating to the grand jury, the filing of informations, the arraigning of defendants, the taking of pleas of guilty, pronouncing sentences thereon, etc., assigned to Hon. R. L. Williams in the preceding paragraph, all the judicial business of this court and of the judges thereof as such now pending, except as to questions or issues which have been submitted to one of the judges for decision and all the judicial business that

shall arise or come from the territory in the second division on and after the date of this order, is hereby exclusively assigned to· Hon. F. E. Kennamer.

"It is further ordered, that unless and until otherwise ordered by the judge to whom the judicial work of the division in which any county is situated, the cases and issues arising from such county shall be and hereby are assigned for hearing and trial to the court town to which such county is heretofore in this order declared tributary. Walter H. Sanborn, Senior United States Circuit Judge, Eighth Judicial Circuit."

It will be observed, upon careful reading of the record thus set out in full, that the finding of the senior Circuit Judge recited in the first paragraph of the order "that the judges do not agree upon the division of business and the assignment of cases for trial," is not limited or restricted to particular cases or classes of business or localities, but it reflects the general and final conclusion of the senior Circuit Judge upon the general state of disagreement between the two judges.

Nor is there any question but that the order was duly and legally made. The duty to take cognizance of the condition that existed and to make the necessary order is imposed upon the senior Circuit Judge by the mandatory language of section 23 of the Judicial Code, referred to in the order, which is as follows:

"Sec. 23. In districts having more than one District Judge, the judges may agree upon the division of business and assignment of cases for trial in said district; but in case they do not so agree, the senior Circuit Judge of the circuit in which the district lies, shall make all necessary orders for the division of business and the assignment of cases for trial in said district." 36 Stat. L. 1090 (Comp. St. § 990).

Afterwards, and on the 16th day of February, 1925, the President approved an act (43 Stat. 945 [Comp. St. §§ 1088–1088e]), which in its effect ratifies and confirms the above order made by Judge SANBORN, of which section 5 (section 1088d), reads as follows:

"The jurisdiction and authority of the courts and officers of the Western district of Oklahoma, and of the courts and officers of the Eastern district of Oklahoma as heretofore divided between them by the order of the senior judge of the Circuit Court of Appeals for the Eighth Circuit of the United States over the territory embraced within said Northern district of Oklahoma shall ·continue as heretofore until the organization of the District Court of said Northern district, and

thereupon shall cease and determine, save and except in so far as the authority of the junior judge of said Eastern district is continued in him as judge of said Northern district, and save and except as to the authority expressly conferred by law on said courts, judges or officers, or any of them, to commence and proceed with the prosecution of crimes and offenses committed therein prior to the establishment of the said Northern district, save and except as to any other authority expressly reserved to them or any of them under any law applicable in the case of the creation or change of the divisions of districts of District Courts of the United States."

It thus appears that, at the time of the commission of the offense charged, as well as at the time of the trial, the place for the trial of the offense had been ascertained and fixed at Muskogee, in the county of Muskogee, and the senior judge of the original Eastern district, Hon. Robert L. Williams, had been designated and assigned as the judge to preside at such trial, and the junior judge, Hon. Franklin E. Kennamer, had been specifically excluded from that function; the word "exclusive" twice used in the order being capable of no other implication.

The trial court in Kansas, in its opinion denying the writ of habeas corpus, observed:

"Undoubtedly by this order the proceedings against petitioner, should have been had before Judge R. L. Williams at Muskogee, as the business was tributary to Muskogee, where he was assigned to preside." ·

But, following the opinion of Judge Van Valkenburgh in Re Briggs, 14 F.(2d) ——, decided June 29, 1925, the conclusion was reached that the obvious defect in the proceedings was not jurisdictional or of such nature as to justify attack by writ of habeas corpus. It seemed to the trial court that "the case was apparently assigned to Judge Kennamer and docketed for trial at Tulsa by the acquiescence of the judges." Unfortunately the record is entirely silent as to how the wrongful docketing and assignment came about. The record is equally open to the inference that, instead of the assignment and docketing of the case for trial at Muskogee before Judge Kennamer being the result of the acquiescence of the judges, such assignment and docketing may have resulted in the way which the act of Congress and the order of the senior Circuit Judge were intended to prevent.

[1] Ordinarily, on review of any case from a district where there are two judges, this court presumes that the judges agree upon division of business and that the particular judge presided over the trial court by agreement with his associate. But as to this district in ques-

tion the record made by the senior judge conclusively rebuts the presumption; the fact that they do not agree is finally settled.

Neither should it be conceded that any power or authority remained in the two judges to divide among themselves the business covered by the order. Under the statutes the whole matter of the assignment of judges to transact the business of a court outside of their territorial jurisdiction is imposed upon the senior Circuit Judge, and it is not left to the District Judge.

After the order for division of business was made, and certainly after the act of Congress confirming the order was passed, the ascertainment by law of the place of trial for the offense with which this petitioner was charged was definitely settled. It was so settled previous to his trial, and the attempt to try him at another and different place by a judge who had been specifically excluded from the function was not a mere irregularity but wholly without lawful authority.

It is urged that the order of the senior Justice ought not to be regarded as depriving either judge of his general authority as a judge of the Eastern district of Oklahoma by appointment of the President, and that it ought not to be regarded as establishing rigid limits of jurisdiction which could under no circumstances be varied or enlarged. But no attack is made upon section 23 of the Code, upon which the order of the senior judge is based, nor upon the order of the senior judge, nor upon the act of Congress confirming the order of the senior judge. No question can be made of the intent of Congress to provide for conditions arising when two judges in a district do not agree upon the division of business and the assignment of cases for trial in the district, nor is there any ambiguity in the terms of the order by which those conditions were settled. The most that can be said is that conditions might arise not contemplated in nor covered by the order of the senior judge or the Act of Congress of February 16, 1925, and that thereupon the order need not be regarded as establishing rigid limits of jurisdiction which could under no circumstances be varied or enlarged. It may well be that circumstances might be presented which would justify some change in the order or new legislation by Congress, but all the conditions in this case had been fully anticipated and clearly and positively settled.

Consideration of the fact that Judge Kennamer was appointed and confirmed as junior judge in the old Eastern district does not call for any other conclusion of the matter. That appointment must be regarded as made in view of the law embodied in section 23 supra, upon which the order of the senior Circuit Judge was based. It is clear that, if exactly the same official powers within a certain territory are conferred upon two men, there is a possibility of conflict. Manifestly, effective means to divide the powers necessarily involves a withdrawal of some powers from each. It is equally obvious that the withdrawal of the powers, when lawfully made, must be deemed absolute or the whole object and purpose of the division is defeated and the conflict remains.

[2] The proceedings here disclosed, being in contravention of the order and the act of Congress, were clearly void, and the petitioner for writ of habeas corpus was deprived of his liberty without authority of law.

The order denying the writ of habeas corpus should be reversed, and petitioner discharged.

SCOTT, District Judge, concurs in the result.